## A93A1048. ROBINSON v. THE STATE.
(435 SE2d 466)

BLACKBURN, Judge.

The appellant, Steve Robinson, was convicted of kidnapping with bodily injury, aggravated battery, and burglary. On appeal, he attacks the sufficiency of the evidence to support the kidnapping conviction; the trial court's failure to merge the kidnapping with bodily injury and the aggravated battery convictions; and the admission of his custodial statements and the evidence seized during a search of his home.

At the trial, the victim testified that on the evening of August 2, 1991, she went to her brother's dry cleaning business to pick up the company books. Upon entering, she turned on the lights and started to telephone her mother, and then noticed Robinson standing in the office staring at her. Robinson, who was holding a steel pipe in one hand, grabbed her by the forearm and forced her into another room, where he asked if she could open the safe. When she explained that she could not, Robinson dragged her by the arm to the rear of the store and demanded her key to her van. Before the victim could remove the key from her key chain, Robinson pounded her face with gloved fists. The victim begged him to spare her life, but Robinson grabbed her hair and repeatedly banged her head on the concrete floor. He then covered her mouth and nose to suffocate her, and choked her until she was unconscious.

When the victim regained consciousness, she staggered out the back of the building, and eventually was discovered by two people as they were leaving a nearby restaurant. Although these two individuals were acquainted with the victim, they did not recognize her because her face was so swollen. One of the two was a physician, and he administered first aid until an ambulance arrived.

This physician testified at trial that a CT scan revealed a fracture of the right socket portion of the victim's eye which was broken through to the ethmoid sinuses. Although the x-ray did not confirm

the presence of a fracture, the victim's nose was deviated. The victim also sustained damage to her inner ear, which caused nausea and vomiting and problems maintaining her balance, upon even minimal movement of her head. By the time of the trial, the victim had improved, but she remained unable to walk without the assistance of a walker.

Robinson testified and admitted to the burglary. He explained that he had been smoking crack cocaine, and had broken into the dry cleaning store to take something of value in order to buy more cocaine. He stated that when the victim noticed him after walking in unexpectedly, she ran towards the rear of the store. He admitted chasing after her and striking her, but denied having any intent to injure her. He felt that he was innocent of kidnapping.

1. Robinson initially contends that the evidence was insufficient to support the conviction for kidnapping with bodily injury under OCGA § 16-5-40 (b), because the state failed to show the essential element of asportation. However, only the slightest movement of the victim is required to establish that element. See *Haynes v. State*, 249 Ga. 119 (288 SE2d 185) (1982); *Chambley v. State*, 163 Ga. App. 502 (295 SE2d 166) (1982). The victim's testimony regarding how Robinson grabbed her arm and forced her to the office and the rear of the premises satisfied that requirement in the instant case.

2. Robinson next contends that the evidence of the aggravated battery was also used to prove the bodily injury element of the offense of kidnapping with bodily injury, and thus the aggravated battery merged with the kidnapping offense pursuant to OCGA §§ 16-1-6 and 16-1-7. However, we note that kidnapping is not a continuous crime; it is completed when the victim has been seized and asported to some degree. *Miller v. State*, 174 Ga. App. 42 (3) (329 SE2d 252) (1985). Similarly, the offense of kidnapping with bodily injury is completed when the kidnapping and some bodily injury occurs. For the purposes of OCGA § 16-5-40 (b), bodily injury is accomplished "by inflicting any physical injury upon the victim's body however slight." *Green v. State*, 193 Ga. App. 894, 896 (389 SE2d 358) (1989).

In the instant case, the state established all the necessary elements of kidnapping with bodily injury upon showing that Robinson grabbed the victim's arm, forced her to the rear of the store, and then struck her in the face. The offense of aggravated battery was shown by the evidence of Robinson's subsequent banging the victim's head against the concrete floor and choking her, which resulted in the victim's balance problem and inability to walk without the use of a walker.

In short, the kidnapping with bodily injury and the aggravated battery occurred sequentially, and the former was completed when the latter was perpetrated. "Under the circumstances of this case, the

same conduct is not being punished twice nor is one act included in the other so as to proscribe the separate conviction and punishment for each act." (Citations and punctuation omitted.) *Strozier v. State*, 171 Ga. App. 703, 706 (320 SE2d 764) (1984).

3. Lastly, Robinson contends that the trial court erred in denying his motion to suppress his custodial statements and the evidence seized during a search of his home. We also find this contention to be without merit.

At the *Jackson-Denno* hearing, the arresting officer testified that because a witness saw Robinson running from the area of the incident carrying what appeared to be a purse, he went to Robinson's residence and asked him if he would go to the police station and discuss the incident. Robinson volunteered to go, and, after he was advised of his *Miranda* rights, gave a statement that he had been in the area that evening playing basketball. During the interview, when Robinson pulled out a pack of cigarettes which matched the brand of cigarette butts found on the floor of the dry cleaning store, the officer became suspicious and asked for permission to search Robinson's home. Robinson signed a consent to search.

The search uncovered camouflage pants matching the description given by the witness who saw Robinson with the purse, a work shirt, and a pair of boots which matched a boot print left on the floor of the store. Later that day, an arrest warrant for Robinson was obtained. After his arrest, Robinson appeared before a magistrate and again was informed of his *Miranda* rights. Robinson at first continued to deny any involvement in the incident, but he finally admitted to the burglary and attack on the victim.

During the *Jackson-Denno* hearing, Robinson acknowledged volunteering to go to the police station for questioning, but stated that he thought the officers were going to take him there in any event. He also acknowledged that the officers had asked for permission to search his house and that he had signed a consent form, but he explained that he thought the form he signed was a search warrant, and that the officers probably would have searched his home even if he had not consented. He claimed that when he appeared before the magistrate, he indicated he wanted to hire an attorney, and the magistrate informed him that he would not get a bond until he obtained a lawyer. (The interrogating officer who also was present during the appearance did not recollect Robinson requesting an attorney or the magistrate making such a remark.) Robinson also explained that he eventually confessed to the crime during the interrogation that followed, because the officers warned him that family members of the victim might kill him if he were released.

Where there is a conflict in the evidence on a motion to suppress, the trial court sits as the trier of fact, and his findings will not be

178

disturbed if there is any evidence to support them. *State v. Holton*, 205 Ga. App. 434 (2) (422 SE2d 295) (1992); *State v. White*, 197 Ga. App. 426 (398 SE2d 778) (1990). In the instant case, the trial court decided all the factual issues concerning the voluntariness of Robinson's custodial statements and the permission to search his home adversely to Robinson, and there is evidence to support those findings.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 20, 1993 —
RECONSIDERATION DENIED SEPTEMBER 8, 1993.

*Lindsey & Jacobs, Tamara Jacobs, Adams & Adams, W. Allen Adams, Jr.*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney*, for appellee.