*Friedman, Donaldson & Phillips, Robert P. Phillips III, Todd A. Hall*, for appellant.

*Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney*, for appellee.

### A93A1842. PRATT v. THE STATE.
(440 SE2d 485)

McMurray, Presiding Judge.

Defendant was charged, via two-count accusation, with operating a moving vehicle while under the influence of alcohol to the extent that it was less safe for her to drive and with having a blood-alcohol concentration of .10 grams or more within three hours after driving. The evidence adduced at a bench trial revealed the following: At about 2:40 in the morning on January 26, 1992, Officer Melton L. Mangrum, Jr., and Sergeant Roger DeWitt of the Gwinnett County Police Department were leaving an apartment complex when they spotted a car in the parking lot outside a marked parking space. The car was running and the vehicle's taillights were illuminated. The officers approached the vehicle and found defendant slumped over in the seat. The vehicle's transmission was engaged and defendant's foot was on the brake. The officers "knocked on the glass several times trying to get [defendant's] attention . . . , with no avail. She would not wake up. At that time Sergeant DeWitt opened the door [and defendant] woke up. Sergeant DeWitt instructed her to get out of the car or to put the car in park, to get out of the car. [Defendant] put the car in park [and, as] she was getting out of the car, she stumbled and fell against the door. [The officers] could smell the . . . odor of alcohol come out of the car." They also smelled alcohol on defendant's breath. Defendant stated that she had consumed alcohol at a friend's apartment and that she was on her way home. Defendant's eyes were bloodshot, her speech was slurred and she seemed incoherent. Defendant's attempt at the alphabet field sobriety test was an utter failure and the officers did not try the physical dexterity field sobriety tests for fear that defendant would injure herself. A breath test later revealed that defendant's blood-alcohol concentration was .13 percent.

The trial court found defendant not guilty of having a blood-alcohol concentration of .10 grams or more within three hours after driving, but guilty of operating a moving vehicle while under the influence

of alcohol to the extent that it was less safe for her to drive. This appeal followed judgment on the verdict. *Held:*

1. Defendant first contends the trial court's verdicts are inconsistent. This contention is without merit as the inconsistent verdict rule has been abolished in Georgia. *Milan v. State,* 255 Ga. 560, 562 (2) (341 SE2d 216).

2. Next, defendant contends the evidence was insufficient to support a finding that she was in physical control of a moving vehicle. The contention is without merit. Evidence that defendant was incoherently intoxicated when Officer Mangrum and Sergeant DeWitt found her slumped behind the wheel of a running vehicle; that the officers found the vehicle outside a marked parking space and away from any apartment building; that the vehicle's transmission was engaged and that defendant's foot was on the vehicle's brake pedal is sufficient to authorize the trial court's finding that defendant is guilty, beyond a reasonable doubt, of operating a moving vehicle while under the influence of alcohol to the extent that it was less safe for her to drive. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Jones v. State,* 187 Ga. App. 132 (1) (369 SE2d 509).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 11, 1994 —
RECONSIDERATION DENIED JANUARY 25, 1994.

*Spruell & Dubuc, Billy L. Spruell, Melinda D. Taylor,* for appellant.

*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Allison Thatcher, Assistant Solicitors,* for appellee.