A95A0864. LOCKETT v. THE STATE.
(457 SE2d 579)

BIRDSONG, Presiding Judge.

Terry Lockett appeals his judgment of conviction of the kidnapping of Dorothy Williams, possession of a firearm by a convicted felon, and simple battery. He enumerates four errors. *Held:*

1. Appellant's first enumeration asserts a claim of insufficiency of the evidence. Appellant argues in part that "this case is basically a swearing match, with appellant's testimony being contradicted by [the victim,] Dorothy Williams."

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

Pursuant to OCGA § 16-5-40 "[a] person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." Moreover, as to the asportation element of kidnapping, "only the slightest movement of the victim is required to establish that element." *Robinson v. State*, 210 Ga. App. 175, 176 (1) (435 SE2d 466). Further, "kidnapping is not a continuous crime; it is completed when the victim has been seized and asported to some degree." Id. at 176 (2). The credibility of Dorothy Williams' testimony and the degree of corroboration, if any, that other witnesses' testimony supplied were matters for jury determination. The jury could find, within the standards of *Jackson v. Virginia*, supra, that the kidnapping offense was completed before the victim obtained access to the rifle in appellant's car. Appellant's enumeration is, as to each offense of which appellant was convicted, without merit.

2. Appellant contends the trial court erred in not admitting evidence regarding the motive of the alleged victim for her prosecution of appellant. Specifically, appellant asserts that the alleged victim stated in the presence of appellant, his counsel, and an assistant district attorney that she did not want to prosecute appellant and further, that the alleged victim told appellant one day before the trial that she felt she was being coerced by personnel in the district attorney's office to testify against appellant.

The admissibility of evidence is a matter resting largely within the discretion of the trial court (*Santone v. State*, 187 Ga. App. 789, 792 (371 SE2d 428)), and in the absence of an abuse of judicial discretion this court will not interfere with the trial court's ruling (*Gully v. Glover*, 190 Ga. App. 238 (4) (378 SE2d 411)). The question of relevancy of evidence is a question of law for the court. See *Palmer v. State*, 186 Ga. App. 892, 898 (369 SE2d 38). OCGA § 24-9-68 provides that "[t]he state of a witness's feelings towards the parties and his relationship to them may always be proved for the consideration of

the jury." Thus, evidence of a witness' feelings to the parties, interest in the result of trial, bias, prejudice, or intent or motive generally is admissible at trial. However, OCGA § 24-2-1 provides that "[e]vidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." These two statutes should be considered in pari materia; thus, even if the testimony sought to be admitted does relate to the feelings a witness has toward a party, if that particular feeling would have no relevance to the questions being tried by the jury, then such evidence may be excluded in the sound discretion of the trial court. See *GMC v. Moseley*, 213 Ga. App. 875, 883 (5) (447 SE2d 302). We find that the trial court did not abuse its discretion in refusing to admit evidence that the victim did not want to prosecute appellant and that she perceived she was being coerced into so testifying; it was within the trial court's discretion to find this particular evidence irrelevant. Compare *Curry v. State*, 162 Ga. App. 71 (2) (290 SE2d 179) and cases cited therein.

Assuming arguendo the trial court erred in excluding such evidence, applying the high probability test of *Johnson v. State*, 238 Ga. 59 (230 SE2d 869), we are satisfied that had such error occurred as enumerated it would not have contributed to the jury's verdict. " 'Errors in admission or exclusion of evidence which would in no event alter or affect the outcome of the case are harmless and do not require reversal.' " *Powers Ferry Constr. v. Commerce Builders*, 191 Ga. App. 327, 329 (2) (381 SE2d 755).

3. Appellant contends the trial court erred in not directing a verdict of not guilty to the charge of kidnapping Dorothy Williams as the jury found appellant not guilty of kidnapping her son. This enumeration is without merit; the inconsistent verdict rule has been abolished in Georgia. *Pratt v. State*, 211 Ga. App. 711, 712 (1) (440 SE2d 485).

4. Appellant asserts that the trial court erred in failing to merge the simple battery conviction into the kidnapping conviction. Dorothy Williams testified that she was at the home of appellant's sister when appellant drove up in a car. He forced her and her minor son to get into the car by grabbing her arm, pushing her out the door, grabbing the back of her neck so tightly it choked her, and pushing her into the car. Appellant drove off with Dorothy Williams who was trying to get out of the car. At one point, Dorothy Williams grabbed a loaded rifle from the back seat of appellant's car and unloaded the weapon without attempting to use it as a means of getting out of the car. Neither did the victim leave the car as it stopped several times at stop signs or red lights. During the course of the incident, a third-party witness drove by and observed appellant repeatedly hit Williams with the back of his hand every time she would attempt to get out of the car; the witness called the police on his car phone. Finally, the victim was

able to jump out when the car slowed down, and the police immediately pulled up and apprehended appellant.

The kidnapping offense clearly was completed when appellant grabbed the victim, forced her into the car against her will by grabbing her neck and pushing her, and started driving away with her, as asportation however slight suffices. Compare *Robinson,* supra at 176. Thus, in this instance, the subsequent striking of the victim as she attempted to exit the moving automobile constituted separate crimes of assault, both in fact and law, from the kidnapping charge. " 'Under the circumstances of this case, the same conduct is not being punished twice nor is one act included in the other so as to proscribe the separate conviction and punishment for each act.' " Id. at 176-177 (2).

*Judgment affirmed. Smith, J., concurs. Johnson, J., concurs fully in Divisions 1, 3, 4, and concurs in judgment only in Division 2.*

DECIDED APRIL 25, 1995.

*Robert M. Bearden, Jr.,* for appellant.

*Charles H. Weston, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.