A99A0293. BURNEY v. THE STATE.
(516 SE2d 802)

Judge Harold R. Banke.

Burney was charged with aggravated assault on March 19, 1994, and with kidnapping on the same date and again on May 16. He was convicted of the March 19 offenses and acquitted of the May 16 crime. After Burney's trial attorneys withdrew from this case, his new lawyer moved for a new trial on grounds of trial error and ineffective assistance of counsel. Following denial of the motion, Burney appeals.

On the evening of March 19, the victim had returned home from a date with Small, her future husband. After exiting her car, she was accosted by Burney, her former husband. He brandished a knife and forced her to re-enter the car and drive him from her home in Claxton toward the nearby town of Hagan. Before leaving Claxton, Burney exited the car twice, once in an unsuccessful attempt to find Small at his home and again when he encountered Small while riding down the street. As Burney was driving down back roads in the county, he threatened to kill the victim. Fearing for her life, she leaped from the moving car and broke her arm. Burney then took her to the hospital.

On May 16, the victim was leaving the hospital after receiving therapy for her arm, when she was again accosted by Burney and

forced to get into her car. On this occasion, however, an ambulance driver appeared on the scene and caused Burney to flee.

It is not disputed that the State made a written request for a jury charge on false imprisonment. At trial, the State asked that such charge be given because the only difference between false imprisonment and kidnapping is that kidnapping has the additional element of asportation, *Sallie v. State*, 216 Ga. App. 502, 503 (455 SE2d 315) (1995), and the jury could have found that on May 16 the victim was detained without having been abducted or stolen away and therefore falsely imprisoned but not kidnapped. The court decided not to give the requested charge, observing "either he did it or he didn't is the way I see it." Defense counsel raised no objection, stating that he had researched the question the night before and concluded that kidnapping has no lesser included offense.

Burney claims trial error based on the court's refusal to give the State's requested charge. Additionally, he charges trial counsel with ineffective assistance in failing to object to the court's refusal to so charge. *Held*:

1. Burney's claim of trial error has been waived, if for no other reason than because of his trial counsel's acquiescence in the court's decision not to give the charge. *Valdez-Hardin v. State*, 201 Ga. App. 126 (410 SE2d 354) (1991).

2. Cases such as *Roland v. State*, 266 Ga. 545, 546 (2) (468 SE2d 378) (1996), hold: "In order to succeed on an ineffective assistance of counsel claim, a defendant must show that his counsel's performance was deficient and that counsel's deficient performance prejudiced his defense. [Cits.]"

Burney cannot show that he was prejudiced as a result of the trial court's refusal to charge on false imprisonment as a lesser included offense of the May 16 kidnapping, as he was acquitted of that charge.

Burney was not entitled to a charge on false imprisonment as a lesser included offense of the March 19 kidnapping unless there was evidence from which the jury could have found him guilty of the lesser offense rather than the greater. See *Stovall v. State*, 216 Ga. App. 138, 140 (5) (453 SE2d 110) (1995); *Oliver v. State*, 232 Ga. App. 816, 819 (2) (503 SE2d 28) (1998) (explaining *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990)). Burney argues that evidence showing that the victim was not being transported anywhere when he stopped the car in pursuit of Small on March 19 entitled him to a charge on false imprisonment. Under this reasoning, a charge on false imprisonment as a lesser included offense of kidnapping would always be required unless the kidnapper and victim remained in perpetual motion after the abduction occurred. This is not the law, as commission of the offense of kidnapping is completed when the vic-

tim is abducted to a place the victim does not wish to go. See *Johnson v. State*, 195 Ga. App. 723, 724, n. 1 (394 SE2d 586) (1990). Kidnapping is not a continuing offense, *Miller v. State*, 174 Ga. App. 42, 44 (3) (329 SE2d 252) (1985), and only the slightest movement of the victim is required to establish the element of asportation. *Robinson v. State*, 210 Ga. App. 175, 176 (1) (435 SE2d 466) (1993). Therefore, Burney's kidnapping of the victim was consummated when he forced her to drive him away from her home. There is no evidentiary support for a theory that she was falsely imprisoned without having been asported away. *Stovall*, supra at 141 (5).

Even though the record indicates that trial counsel's failure to object to the court's refusal to charge on false imprisonment resulted from poor research rather than trial tactics and strategy, compare *Milliken v. State*, 230 Ga. App. 810, 811 (2) (b) (498 SE2d 127) (1998), counsel's performance did not constitute ineffective assistance.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 27, 1999 —

*Hal T. Peel*, for appellant.

*Dupont K. Cheney, District Attorney, James S. Archer, Assistant District Attorney*, for appellee.