## A02A2033. PHILLIPS v. THE STATE.
### (577 SE2d 25)

ANDREWS, Presiding Judge.

A jury convicted Willie Amos Phillips of armed robbery, kidnapping, criminal attempt to commit armed robbery, kidnapping with bodily injury, and possession of cocaine. Phillips brings several enumerations of error on appeal. For the following reasons, we conclude there was no reversible error and affirm.

The charges at trial arose from the robbery of a Burger King restaurant and the attempted robbery two days later of a Mrs. Winners restaurant. Phillips admitted that he committed the robbery and attempted robbery. But, on appeal he argues that there was insufficient evidence of armed robbery, kidnapping with bodily injury, and possession of cocaine.

1. In his first enumeration of error, Phillips contends the evidence was insufficient to support the verdict of kidnapping with bodily injury; specifically, he argues there was insufficient evidence of asportation of Darlene Smitherman or Tara McDonald, employees at the Mrs. Winners restaurant.

OCGA § 16-5-40 (a) provides that a "person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." "Kidnapping is not a continuing offense, and only the slightest movement of the victim is required to establish the element of asportation." (Citation omitted.) *Burney v. State*, 237 Ga. App. 765, 767 (516 SE2d 802) (1999).

Here, McDonald testified at trial that Phillips grabbed her as she was trying to run out of the store. She said he forced her back in the store, moving her approximately six to eight feet during the struggle. Smitherman testified that after Phillips came into the store, he pushed her and McDonald and then tried to pull both of them back to the bathrooms.

Although shoving a victim without moving her from one location to another, or merely pushing a victim to the ground, is not sufficient

to satisfy the element of asportation,[1] that is not what the evidence shows in this case. Accordingly, the evidence was sufficient for a rational trier of fact to find Phillips guilty of kidnapping with bodily injury beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Phillips also claims the evidence was insufficient to support the verdict of armed robbery against Diana Sosa and Janet Gray, employees at the Burger King restaurant. Phillips admits to carrying vise grips at the time of the robbery, but argues there is no evidence that these vise grips were an offensive weapon.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). Phillips argues on appeal that because the vise grips were not an offensive weapon per se, the State was required to prove that they were used in a manner likely to produce death or great bodily injury, depending on the manner of their use. *Hambrick v. State*, 174 Ga. App. 444, 445 (330 SE2d 383) (1985).

At trial, Sosa testified that Phillips held the vise grips to her head as he was forcing her to walk back to the office and she was afraid he would hit her in the head with them. Sosa stated that she opened the cash register because she was afraid Phillips would hit her in the head. She said that the vise grips were heavy and she was afraid if Phillips did hit her with them, he would knock her out. Although the State did not present evidence that the vise grips were an offensive weapon within the meaning of OCGA § 16-8-41 (a),

> "[t]he term 'offensive weapon' includes not only weapons which are offensive per se, such as firearms loaded with live ammunition, but also embraces other instrumentalities not normally considered to be offensive weapons in and of themselves but which may be found by a jury to be likely to produce death or great bodily injury depending on the manner and means of their use."

*Eady v. State*, 182 Ga. App. 293, 295 (355 SE2d 778) (1987). Jurors are entitled to use their own common sense on many questions, and the nature of a "weapon" is a question of fact for the jury. *Johnson v. State*, 246 Ga. App. 109, 111 (539 SE2d 605) (2000). Accordingly, we find the evidence sufficient to enable a rational factfinder to convict appellant of armed robbery beyond a reasonable doubt.

---

[1] *Woodson v. State*, 273 Ga. 557, 558 (544 SE2d 431) (2001).

3. Next, Phillips argues the evidence was insufficient to support the conviction for possession of cocaine. The police searched the house where Phillips lived and found "crack pipes" and cocaine residue on some shelves in the bathroom. Phillips argues that the State never proved the contraband was his because Debbie Ridings, the woman he lived with, had equal access to the bathroom and the drugs. The only evidence at trial on this issue was Ridings's testimony that the crack pipes were not hers and therefore they must belong to Phillips.

In support of his argument on appeal, the only authority cited by Phillips is to cases holding that a defendant may not be convicted of a crime on the uncorroborated testimony of an accomplice. See, e.g., *Claybrooks v. State*, 189 Ga. App. 431, 432 (375 SE2d 880) (1988). Although Phillips refers to Ridings as an "unindicted co-conspirator" he does not point to anywhere in the record or transcript showing that Ridings was an accomplice or an unindicted co-conspirator or co-defendant, and we find none.

The cocaine was found in the house where Phillips was living, and Ridings testified that it was not hers and must belong to Phillips. Where there is evidence other than "equal access" to connect an accused to the contraband, it is for the jury to determine guilt or innocence. *Hunt v. State*, 196 Ga. App. 694, 695 (396 SE2d 802) (1990). Although the evidence could have authorized a finding that another had equal access to the cocaine, we must view the evidence on appeal in the light most favorable to the verdict. Id. Accordingly, the jury, as the sole determiners of the evidence and the credibility of witnesses, could find Phillips guilty of possession of cocaine beyond a reasonable doubt. *Jackson v. Virginia*, supra.

4. Phillips claims the trial court erred in allowing the State to introduce similar transaction evidence. This similar transaction was the robbery of another Mrs. Winners restaurant six days before the Burger King robbery. Defense counsel did not object or make any argument at the similar transaction hearing that the robbery of the Mrs. Winners restaurant was not admissible as a similar transaction. At trial, defense counsel objected to the admission of the Mrs. Winners robbery, stating it was unnecessary because Phillips admitted to robbing the two restaurants. The prosecutor disagreed, stating that the similar transaction was relevant to show course of conduct as to armed robbery, in that Phillips used vise grips in both robberies to threaten the women employees and force them to open the safe.

Evidence of similar transactions may be admitted if there is sufficient evidence that the accused committed the offense or act and that there is a sufficient connection or similarity between the offense and the crime charged, so that "proof of the former tends to prove the latter." *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991).

Contrary to Phillips's argument on appeal, the similar transaction evidence was relevant to show course of conduct on the charge of armed robbery. The trial court did not err in admitting the similar transaction evidence.

In this same enumeration, Phillips contends that the trial court erred in not redacting certain statements made by investigators in a videotaped interview with Phillips. A review of the pertinent hearing transcript shows that defense counsel did not object to these statements. Accordingly, this issue may not be raised on appeal. *Milton v. State*, 252 Ga. App. 149, 150 (555 SE2d 818) (2001).

5. Next, Phillips argues that he is entitled to a new trial because the prosecutor made improper and prejudicial remarks during closing argument. Specifically, Phillips objects to the prosecutor's statement that Phillips "had gone into the robbery business."

Phillips acknowledges that defense counsel did not object to the remark at the time it was made. But, he argues that the trial court should have granted a mistrial under OCGA § 5-5-20, which provides: "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury." OCGA § 5-5-20. We disagree.

Here, as discussed above, there was sufficient evidence to convict Phillips of the crime charged and therefore the verdict was not contrary to the evidence and principles of justice and equity. The trial court did not err in denying Phillips's motion for new trial on these grounds.

6. In his last enumeration of error, Phillips contends that the trial court erred in not merging the offenses of armed robbery and kidnapping with bodily injury. He claims that the offenses merged as a matter of fact.

Under OCGA § 16-1-6 (1), offenses merge as a matter of fact if one of them is established by proof of the same or less than all the facts required to prove the other. Under Georgia law, multiple punishment is prohibited if one offense is included in the other as a matter of law or fact. *Wells v. State*, 222 Ga. App. 587, 588 (474 SE2d 764) (1996).

In this case, the offenses do not merge. As previously stated, kidnapping is not a continuing crime. The offense of kidnapping was completed when Phillips seized the women and forcibly moved them from one location in the store to another. *Robinson v. State*, 210 Ga. App. 175, 176 (435 SE2d 466) (1993). Evidence showed that Phillips then committed the offense of armed robbery. Accordingly, convictions for both offenses did not amount to two punishments for the same conduct, nor was one offense included in the other as a matter of fact. See *Powell v. State*, 210 Ga. App. 409, 412 (437 SE2d 598) (1993).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 29, 2003.

*Lee W. Fitzpatrick*, for appellant.
*David McDade, District Attorney, James E. Barker, Christopher R. Johnson, Assistant District Attorneys*, for appellee.