## 77685. LOVE v. THE STATE.
(378 SE2d 893)

McMURRAY, Presiding Judge.

Defendant was convicted of the offenses of kidnapping with bodily injury, rape, incest and cruelty to children. A sentence was imposed as to each conviction except the rape conviction, which the trial court determined merged into the conviction for kidnapping with bodily injury. On appeal, defendant contends the evidence did not authorize his conviction of kidnapping with bodily injury and that the offenses of incest and cruelty to children merged into greater offenses. Held:

1. All of the offenses with which defendant was charged arose from a single incident involving the defendant's 15-year-old niece. Defendant accompanied the victim and her sister to a movie. Afterwards the victim and defendant went for a walk. Eventually the two sat on "a concrete block that goes across the creek . . ." As the victim sat on the "concrete block" the defendant sat behind her and asked her if she was scared of him. After she answered, "no," he grabbed the back of her head and "jerked [her] down off the concrete block onto the dirt." Defendant then told the victim to take off her clothes or he would kill her. The defendant refused to let the victim up, held her on her throat, and continued telling her to take her clothes off. After the victim took her shorts off, defendant got on top of her and had vaginal intercourse with the victim. Defendant was on top of the victim for about five minutes, during which time he told the victim he would kill her if she ever told anybody. After the defendant got through he permitted the victim to put her clothes back on and leave. An officer with the Douglas County Sheriff's Department testified he investigated the crime scene where a concrete culvert was situated over the creek running underneath the road. (In her testimony, the victim had referred to the culvert as "a concrete block that goes across the creek . . .")

Defendant contends his conviction of kidnapping with bodily injury was not authorized because there was no evidence of asportation. "[O]nly the slightest movement of the victim is required to constitute the necessary element of asportation. *Brown v. State*, 132 Ga. App. 399, 401 (208 SE2d 183)." *Helton v. State*, 166 Ga. App. 662, 663 (1) (305 SE2d 592). Further, we find "that there was sufficient evidence introduced by the state at trial to authorize the jury in convicting the [defendant] of kidnapping with bodily injury to the victim." *Peck v. State*, 239 Ga. 422, 427 (238 SE2d 12). See *Lassiter v. State*, 175 Ga. App. 338, 340 (4) (333 SE2d 412).

2. "An examination of the elements of rape and incest . . . reveals that, as a matter of *fact*, if [defendant] were found to have engaged in sexual intercourse, a necessary element of rape, with his niece, an incestuous relationship proscribed by [OCGA § 16-6-22], then he must necessarily have committed the crime of incest. Thus, applying the 'alternative test' enunciated in *Pryor [v. State*, 238 Ga. 698 (234 SE2d 918)], it appears that as a matter of *fact*, in the instant case, the crime of incest is 'included' within the crime of rape, as intended by [OCGA § 16-1-6]." *Ramsey v. State*, 145 Ga. App. 60, 64 (10) (243 SE2d 555), reversed on other grounds, 241 Ga. 426 (246 SE2d 190). Accordingly, defendant's conviction and sentence on the incest charge must be vacated. *McCranie v. State*, 157 Ga. App. 110, 111 (1) (276 SE2d 263). See *Sparks v. State*, 185 Ga. App. 225, 226 (1) (363 SE2d 631).

3. We find no merit in defendant's contention that the conviction of cruelty to children merged in the greater crime of rape. "In determining whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime, within the meaning of [OCGA § 16-1-6], [we] 'look to the actual evidence introduced at trial. . . . [I]f the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under [OCGA § 16-1-6].' [Cit.]" *Haynes v. State*, 249 Ga. 119, 120 (2) (288 SE2d 185).

In the case sub judice, the evidence used to establish the offense of cruelty to children was the grabbing and pulling of the victim's hair and holding her throat. The offense of rape, including the element of force, was amply proven by the subsequent events including defendant's threats before and during intercourse to kill the victim. *Drake v. State*, 239 Ga. 232, 235 (1) (236 SE2d 748); *McNeal v. State*, 228 Ga. 633, 635 (2) (187 SE2d 271). Thus, the jury was authorized to conclude that two separate and distinct offenses were committed. *Morris v. State*, 179 Ga. App. 228, 229 (6) (345 SE2d 686); *Shab v. State*, 187 Ga. App. 513 (370 SE2d 775).

*Judgment affirmed as to convictions and sentences for the of-*

*fenses of kidnapping with bodily injury and cruelty to children; judgment reversed as to conviction and sentence for the offense of incest. Pope and Benham, JJ., concur. Benham, J., also concurs specially.*

BENHAM, Judge, concurring specially.

While I am in total agreement with Presiding Judge McMurray's opinion, this special concurrence is filed to better explain my position on the matter of kidnapping as discussed in Division 1 of the main opinion.

Under OCGA § 16-5-40 (a), "[a] person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." For there to be a kidnapping conviction there must be some type of asportation, no matter how slight, as in *Brown v. State*, 132 Ga. App. 399 (2) (208 SE2d 183) (1974). See also *McKenzie v. State*, 187 Ga. App. 840, 842 (371 SE2d 869) (1988). In the case sub judice, the "carrying away" was ever so slight, occurring when defendant dislodged the victim from the concrete wall and forced her to the ground several feet below, thereby removing her from a public place to a concealed place. Appellant would have us rule that for asportation to take place, the perpetrator must remove the victim to a "different location." "Asportation" does not require removal to a different location. *Williams v. State*, 178 Ga. App. 581 (12) (344 SE2d 247) (1986). However, in those cases where the movement involved is minimal, and the alleged kidnapping occurs in furtherance of some other criminal enterprise such as rape, the movement necessary to constitute "asportation" must be more than a mere positional change, e.g., from a standing to a supine position. It must be movement that is not merely incidental to the other criminal act, but movement designed to carry out better the criminal activity when, as here, there is movement from a place of visibility to a place of concealment.

DECIDED FEBRUARY 10, 1989.

*Edwards & Krontz, Jennifer McLeod*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.