S89A0468. HILL v. THE STATE.
(385 SE2d 404)

WELTNER, Justice.

Alvin Hill stabbed Linda Samples to death with a knife. He was convicted of murder and sentenced to life imprisonment.[1]

Hill and Samples engaged in a protracted argument. Hill started to leave their apartment; Samples tried to detain him; and Hill killed her with a single thrust of a knife. Hill departed, and was arrested upon his return. The fatal weapon was found on his person.

1. The evidence is sufficient to permit a rational trier of fact to find Hill guilty of malice murder beyond reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) Hill moved for the appointment of a neurologist to examine

---

[1] The homicide occurred on August 27, 1988, and Hill was indicted for murder on October 21, 1988. He was found guilty of malice murder on March 15, 1989, and was sentenced the same date. His motion for new trial was filed on March 30, 1989, and denied on June 21, 1989. A notice of appeal was filed on July 21, 1989. The appeal was docketed on August 21, 1989, and submitted without argument on October 6, 1989.

him, alleging that before and after the homicide he had experienced dizziness, loss of consciousness, and severe headaches. The trial court denied the motion, and observed that, after his arrest, Hill had undergone a neurological examination and a psychiatric examination. Neither examining physician suggested the need for further neurological inquiry.

(b) In *Wilson v. State*, 250 Ga. 630, 633 (300 SE2d 640) (1983), we held:

> "The grant or denial of a motion for independent psychiatric examination lies within the discretion of the trial court and will not be overturned unless an abuse of discretion is shown. [Cit.]"

The trial court did not abuse its discretion in refusing to order an independent neurological examination.

3. (a) The trial court rejected Hill's requested charge, as follows:

> Where the accused's statements exclude or deny an intent to commit the crime charged and are consistent with the physical facts proven, and the state has failed to prove evidence of a criminal intent, it would be your duty to accept the accused's explanation and find the accused not guilty of the offense charged.

(b) In *Estep v. State*, 181 Ga. App. 842, 844 (353 SE2d 913) (1987), we held:

> [A] request to charge the jury must be legal, apt and precisely adjusted to some principle involved in the case and be authorized by the evidence.

There is ample evidence, including his statement to law enforcement authorities, that Hill intentionally stabbed Samples. The requested charge was not required by the evidence, and it was not error to refuse to give it.

4. (a) After jury selection, Hill's counsel requested a brief continuance for the purpose of conferring with an investigator. The request was denied.

(b) OCGA § 9-10-167 provides in part as follows:

> All applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require.

The trial court did not abuse its discretion in denying the motion. See *Putman v. State*, 251 Ga. 605, 611 (308 SE2d 145) (1983).

5. (a) After the jury had been sworn, Hill moved for a mistrial on the ground that the district attorney's exercise of peremptory strikes violated the rule in *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The trial court denied the motion.

(b) In *State v. Sparks*, 257 Ga. 97, 98 (355 SE2d 658) (1987), we held:

> [H]ereafter any claim under *Batson* should be raised prior to the time the jurors selected to try the case are sworn.

The trial court did not err in denying the motion.

6. (a) Hill contends that he was entitled to a requested charge on involuntary manslaughter, on the proposition that he caused the death of another without intention to do so in the commission of an unlawful act other than a felony.

(b) In *Harris v. State*, 257 Ga. 385, 386 (1) (359 SE2d 675) (1987), we held:

> The unlawful use of the knife, a deadly weapon, while repeatedly stabbing the victim constituted the felony of aggravated assault; thus a charge on involuntary manslaughter would have been improper. See OCGA § 16-5-3.

See also *Estep v. State*, supra. The trial court correctly refused to give the requested charge.

7. (a) Hill sought to introduce medical records showing that, fifteen months before the homicide, he had extremely high blood pressure. The trial court refused to admit them.

(b) In *O'Neal v. State*, 254 Ga. 1, 3 (325 SE2d 759) (1985), we held:

> [E]ven though our rule favors the admission of relevant evidence, the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.

There was no abuse of discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 1989.

*Lynne Y. Borsuk,* for appellant.
*Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney*

*General, Andrew S. Ree,* for appellee.