A93A0724. WRIGHT v. THE STATE.
(433 SE2d 99)

ANDREWS, Judge.

Wright appeals from his conviction by a jury for the offenses of aggravated battery, kidnapping, and possession of a firearm during the commission of these offenses.

Evidence showed Wright asked an acquaintance, Clifford, to drive him to Wright's sister's house. Clifford agreed and began to drive, following Wright's directions. During the trip, Wright asked Clifford if he had any money, and Clifford said no. Eventually Clifford stopped the car and got out, thinking he had arrived at Wright's sister's house, whereupon Wright shot him with a handgun, and took $45 from him. Bleeding and dizzy from the wound, Clifford asked Wright to take him to a hospital, and Wright helped him into the backseat of the car. Clifford thought Wright was taking him to a hospital, but after a short drive, Wright stopped the car, opened the door, and shot Clifford again as he was lying on the backseat. Wright dragged Clifford into nearby woods, covered him with branches, and left. Clifford survived, and awoke the next morning with no feeling in his body from the waist down. Over the next two days, he managed to crawl and rest periodically until he reached the side of a road, where he was found and taken to a hospital. As a result of the shooting, Clifford was paralyzed, and lost the use of both legs.

1. Wright claims he was denied effective assistance of counsel during the preparation for and trial of his case. These claims were not addressed in the trial court. Wright's appellate counsel did not represent him at trial, or on motion for a new trial. Accordingly, the lack of any hearing before the trial court on these issues requires that we remand the case for an evidentiary hearing on the asserted claims of ineffective assistance of counsel. If the trial court finds Wright was denied effective assistance, he is entitled to a new trial. If the court finds counsel was not ineffective, Wright may appeal that order within 30 days. King v. State, 208 Ga. App. 77 (430 SE2d 640) (1993); Parrish v. State, 194 Ga. App. 760, 762 (391 SE2d 797) (1990).

2. Wright claims the evidence was insufficient to support his conviction for kidnapping because it failed to establish that Clifford was

abducted or held against his will. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a).

After Clifford was shot the first time, he asked Wright to take him to a hospital. Although, with Wright's assistance, Clifford cooperated in getting back into the car, the evidence permits the inference that Clifford got in the car and remained with Wright because he was badly wounded, and he believed Wright would take him to get medical attention. Obviously, he did not voluntarily accompany Wright with the expectation that he would be shot again, dumped in the woods, and left for dead. Even if we were to accept the untenable assumption that the first bullet wound inflicted on Clifford provided no evidence of forcible abduction, a forcible abduction is not required under the kidnapping statute. *Fredrick v. State*, 181 Ga. App. 600, 601 (353 SE2d 41) (1987). There was sufficient evidence for the jury to find that Clifford was abducted when he was induced by persuasion, enticement, or fraud to get back in the car so Wright could take him to get medical assistance. Id. at 601-602. Under these facts, the jury was also authorized to conclude that after he was abducted, Clifford was held against his will because: (1) he would not have willingly remained with Wright to be further harmed, or (2) he was so badly wounded that he had lost the capacity to make a voluntary choice to remain with Wright. *Taylor v. State*, 194 Ga. App. 871, 873-874 (392 SE2d 57) (1990). The evidence was sufficient for a rational trier of fact to conclude Wright was guilty of the offense of kidnapping beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Lastly, Wright claims that during closing argument the prosecutor improperly commented on his failure to testify or present evidence in his defense. In closing argument, the prosecutor stated: "The evidence in this case — and there were four witnesses — is really uncontradicted. . . . In this case I ask you, what contradictions are there? There are none."

The defense did not object or move for a mistrial when these comments were made so that the trial court could have taken any corrective action it found necessary. "The time to object to improper closing argument is when the impropriety occurs at trial, when the trial judge may take remedial action to cure any possible error. When no timely objection is interposed, the test for reversible error is not simply whether or not the argument is objectionable, or even if it might have contributed to the verdict; the test is whether the improper argument in reasonable probability changed the result of the trial." (Citations and punctuation omitted.) *Tharpe v. State*, 262 Ga. 110, 114 (416 SE2d 78) (1992).

The present comments warrant no relief under this standard. Though a prosecutor may not comment on the failure of a defendant to testify, he may properly argue that the State's evidence of guilt has not been rebutted or contradicted. *Ingram v. State*, 253 Ga. 622, 634 (323 SE2d 801) (1984). The argument made in this case does not show a manifest intention on the part of the prosecutor to comment upon the defendant's failure to testify, nor were the remarks of such a character that a jury would naturally and necessarily construe them as a comment on the defendant's failure to testify. *Ranger v. State*, 249 Ga. 315, 319 (290 SE2d 63) (1982); *Lowe v. State*, 253 Ga. 308, 309-310 (319 SE2d 834) (1984); *Martin v. State*, 193 Ga. App. 581, 585 (388 SE2d 420) (1989). Accordingly, this enumeration has no merit.

*Judgment affirmed and case remanded with directions. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 22, 1993.

*Mable V. Booker*, for appellant.
*Dennis C. Sanders, District Attorney, Robert G. Dunn III, Assistant District Attorney*, for appellee.