## A96A0834. HARSHAW v. THE STATE.
### (474 SE2d 226)

Judge Harold R. Banke.

Milton Harshaw, Jr. was convicted of kidnapping with bodily injury and acquitted of rape and robbery.[1] Following the denial of his motion for new trial, Harshaw enumerates two errors.

On appeal, the evidence must be viewed in the light most favorable to the verdict, and Harshaw no longer enjoys the presumption of innocence. *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). Viewed in that light, the State's evidence was as follows. At about 5:00 p.m., the victim walked to Frank Harris' house for dinner. At about 8:00 p.m. when it was nearly dark, the victim decided to walk home. Although she was only casually acquainted with another guest, Harshaw, he convinced her to accept his offer to escort her down an unfamiliar shortcut through a dense, poorly lit, kudzu-covered area. The victim testified that while on the isolated footpath, Harshaw suddenly pushed her to the ground. Harshaw punched her in the face, threatened to kill her, and then raped her. After Harshaw disappeared, the victim, disheveled and bleeding, sought help at a nearby gas station, telling Knox Tabb, Jr. that she had been raped. Detective Sergeant J. L. Steffel, responding to the rape call, observed that the victim had matted, dirty hair, abrasions, dried blood on the left side of her face, swollen eyes, and appeared borderline hysterical.

---

[1] This is Harshaw's second trial on these charges. The jury was unable to reach a verdict in the first trial.

When police retraced the victim's course of travel through the kudzu, along a widely scattered area they located various personal items belonging to the victim as well as a pair of wire-rimmed glasses belonging to Harshaw. Police observed that the vegetation was recently disturbed and freshly broken kudzu leaves lay on the ground. A physical examination conducted at a rape crisis center showed injuries consistent with forcible sexual intercourse. Harris testified that Harshaw had told him that he had lost his glasses on the path. Harris further testified that Harshaw claimed that he had shown the victim the closest way to get home and that suddenly the victim "went wacko," started screaming and that he hurriedly left her. *Held*:

1. We reject Harshaw's contention that he was entitled to a directed verdict of acquittal because the State failed to show any evidence of asportation or movement of the victim. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). Only the slightest movement of the victim is required to constitute the necessary element of asportation. *Robinson v. State*, 210 Ga. App. 175, 176 (1) (435 SE2d 466) (1993); *Love v. State*, 190 Ga. App. 264 (1) (378 SE2d 893) (1989) (jerking victim off a concrete block onto dirt sufficient movement). In this case, the evidence that Harshaw shoved the victim to the ground as well as the physical evidence of a struggle in the kudzu were both sufficient to constitute asportation and authorize the verdict of kidnapping. Id.

An abduction or taking by inducement, persuasion, or fraud can also support a finding of asportation. *Wright v. State*, 209 Ga. App. 128, 129 (2) (433 SE2d 99) (1993); *Fredrick v. State*, 181 Ga. App. 600, 601 (1) (353 SE2d 41) (1987). Even though the victim initially accepted Harshaw's offer to show her a shortcut, his subsequent striking her in the face with his fist, pushing her to the ground, and holding her against her will support a finding of asportation. *Wright*, 209 Ga. App. at 129 (2).

2. Counsel was not ineffective for electing not to request charges on the lesser included offenses of false imprisonment and battery. In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), Harshaw must show not only that his counsel's performance was deficient but also that the deficient performance prejudiced his defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). Generally, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action by the trial counsel might be considered sound trial strategy. Id. at 121-122. Although the effect of the failure to request charges on the lesser included offenses must

be rigorously scrutinized, it does not necessarily constitute ineffectiveness of counsel. *Van Alstine v. State*, 263 Ga. 1, 4 (426 SE2d 360) (1993).

At the new trial motion hearing, Harshaw's trial counsel revealed that he had consulted generally with Harshaw about trial strategy and that counsel briefly considered whether to present the lesser included offenses. Because the lesser included offenses were inconsistent with Harshaw's defense of consensual sexual intercourse inside Harris' home and an uneventful escort of the victim down the footpath, counsel and Harshaw opted for an all or nothing strategy which would force the jury to believe either Harshaw or the victim and avoid a compromise verdict. The decision was bolstered by counsel and Harshaw's belief that the victim had been woefully inarticulate and barely credible in the first trial. Counsel's decision on the lesser included offenses was plainly strategic. " 'Trial strategy and tactics do not equate with ineffective assistance of counsel. . . .' [Cit.]" *Nolan v. State*, 204 Ga. App. 170, 172 (3) (419 SE2d 72) (1992). Under these facts, the trial court's finding that Harshaw was not denied effective assistance of counsel was not clearly erroneous and must be affirmed. *Warren v. State*, 197 Ga. App. 23, 24 (397 SE2d 484) (1990).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED JULY 11, 1996 —
RECONSIDERATION DENIED AUGUST 1, 1996 — 

*Steven M. Reilly*, for appellant.
*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.

