## A99A2110. WOODSON v. THE STATE.
(530 SE2d 2)

MILLER, Judge.

A jury found Willie Woodson guilty of burglary, battery, kidnapping, aggravated assault with the intent to rape, and aggravated assault with a deadly weapon. After considering Woodson's five prior out-of-state felony convictions, the court imposed maximum consecutive sentences for the current felony convictions and twelve more months for the battery conviction.

Woodson appeals, contending that the trial court erred by failing to grant his motion for directed verdict of acquittal, failing to define fully the rape charge by omitting the portion dealing with consent, failing to merge his aggravated assault with a deadly weapon convic-

tion into his aggravated assault with the intent to rape conviction, and failing to determine whether the underlying facts and circumstances of the out-of-state convictions would have constituted felonies under Georgia law. We affirm the convictions, vacate the felony sentences, and remand this case for resentencing.

1. Woodson challenges the trial court's denial of his motion for a directed verdict of acquittal. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether, under the rule of *Jackson v. Virginia*,[1] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offenses.[2] On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[3] As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.[4]

Construed to uphold the jury's verdict, the evidence reveals that on the evening of March 17, 1998, Woodson approached the victim as she sat on her porch. She noticed Woodson's scar under his right eye and his black suede shoes. Woodson wrote a note to the victim, who is hearing impaired, requesting cigarettes and permission to perform oral sex upon her. The victim responded no, and Woodson left. But that evening at approximately 9:00 p.m. Woodson returned to the victim's residence and knocked heavily on a door that had no peephole. The victim felt the vibrations from Woodson's pounding and opened the door. Woodson was wearing a black stocking-type mask that covered all his face except his eyes. The victim again noticed Woodson's scar and the same black shoes.

Woodson pointed a knife at the victim, forced himself inside, and locked the door. He pursued the victim through the kitchen, the living room, the bathroom, then into a bedroom, where he slapped the left side of her face and shoved and pulled her to the floor. Woodson placed the knife nearby on the floor as he used one hand to hold the victim to the floor against her will and his other hand to remove the victim's shorts. When the victim attempted to gain control of the knife, Woodson forced her to release it by biting her right hand. Picking up the knife, he forced sexual intercourse upon her over her objections. Immediately afterwards, Woodson fled the scene, and the victim ran next door for help.

Responding police officers and detectives found the victim cry-

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Redd v. State*, 232 Ga. App. 666 (1) (502 SE2d 467) (1998).
[3] *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).
[4] Id.

ing, hysterical, and trembling with fright. The emergency medical technician testified that the victim, who had accelerated respirations and heartbeats, also suffered from traumatic injuries, including pain and swelling on the left side of her face and bleeding bite marks on her right hand. While the technician was treating the victim in the back of the ambulance parked outside the victim's residence, Woodson walked by. The victim immediately recognized Woodson from his facial scar, his build, and his shoes. She began frantically pointing at Woodson while repeatedly mouthing "that's him . . . that's him!" Police officers apprehended Woodson.

The investigator collected a sticky thick fluid from the bedroom floor where the sexual intercourse occurred. He also recovered from the victim's parking area a black stocking-type mask and removed hair samples from it. The State's hair and fiber analysis expert examined the hair samples and concluded that they matched hair samples combed from Woodson's head. At trial, the victim again identified Woodson as the perpetrator.

An appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[5] The evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Woodson was guilty of burglary, battery, aggravated assault with intent to rape, and aggravated assault with a deadly weapon. Because Woodson shoved and pulled the victim to the floor and struggled with her, the evidence also supported the kidnapping conviction.[6]

2. Woodson's argument that the court erroneously refused to fully define the rape charge by omitting the portion dealing with consent is without merit. A trial judge does not err in refusing to give a requested charge that, among other things, is not adequately adjusted to the case or authorized by the evidence.[7] After reviewing the proposed jury charge, the trial court concluded that the charge was not adjusted to the evidence and declined to give it. The victim denied consenting to the sexual intercourse, and Woodson points to no evidence to the contrary. Moreover, Woodson was acquitted of rape. The trial court did not err.

3. Woodson contends that the trial court erred by imposing separate sentences for aggravated assault with a deadly weapon and

---

[5] Supra, 443 U. S. 307; *Patterson*, supra, 225 Ga. App. at 515.

[6] See *Harshaw v. State*, 222 Ga. App. 385, 386 (1) (474 SE2d 226) (1996); *Love v. State*, 190 Ga. App. 264-265 (1) (378 SE2d 893) (1989).

[7] *Hill v. State*, 259 Ga. 557, 558 (3) (b) (385 SE2d 404) (1989) (a request to charge the jury must be legal, apt and precisely adjusted to some principle involved in the case and be authorized by the evidence).

aggravated assault with the intent to rape, since the two offenses merge as a matter of fact. We disagree. There was evidence of assaults, as Woodson wielded the knife, that were gratuitous and unconnected with the assault with the intent to rape the victim.[8] Therefore, it was not error to sentence Woodson separately on the jury's findings of guilt for the aggravated assaults.

4. During the sentencing hearing, the State introduced certified copies of Woodson's five prior Alabama felony convictions, consisting of (1) a 1982 burglary conviction, (2) a 1984 burglary conviction, (3) a 1984 escape conviction, (4) a 1984 receiving stolen property conviction, and (5) a 1992 burglary conviction. Under the recidivist statute,[9] the trial court imposed maximum sentences for Woodson's felony convictions. Woodson urges that the statute required the trial court to determine whether the underlying facts and circumstances of the Alabama convictions would have constituted felonies in the State of Georgia. We agree.

The statute imposes maximum sentences for any person convicted of a felony who was previously "convicted under the laws of any other state . . . of a crime which if committed within this state would be a felony. . . ."[10] Where the person has been convicted of three such felonies, the statute mandates that he must serve those sentences without possibility of parole.[11] The State bears the burden of showing that the foreign convictions were "for conduct which would be considered felonious under the laws of this state. . . ."[12] Failure to properly prove the prior convictions requires remand and resentencing.[13] Because the trial court considered the Alabama convictions without evidence that the convictions were for conduct that would have constituted felonies in the State of Georgia, Woodson's felony sentences must be vacated and the case remanded to the trial court for resentencing.

*Judgment of conviction and misdemeanor sentence affirmed. Felony sentences vacated and case remanded for resentencing. Pope, P. J., concurs. Smith, J., concurs specially.*

SMITH, Judge, concurring specially.

I concur in the result reached by the majority, and I agree that

---

[8] See *Taylor v. State*, 202 Ga. App. 671, 672 (415 SE2d 483) (1992); *Sylvester v. State*, 168 Ga. App. 718 (2) (310 SE2d 284) (1983); *Coaxum v. State*, 146 Ga. App. 370, 371 (3) (246 SE2d 403) (1978).

[9] OCGA § 17-10-7 (c).

[10] OCGA § 17-10-7 (a).

[11] OCGA § 17-10-7 (c).

[12] *Wallace v. State*, 175 Ga. App. 685, 687 (6) (333 SE2d 874) (1985).

[13] *Williams v. State*, 235 Ga. App. 876, 877 (510 SE2d 848) (1999); see *Wallace*, supra, 175 Ga. App. at 687 (6); *Miller v. State*, 231 Ga. App. 869, 871 (2) (501 SE2d 42) (1998).

the conviction must be affirmed and that the case must be remanded for resentencing. I write specially to add my thoughts on the reasons for the remand. As the majority points out, the State bears the burden of showing that foreign convictions used for purposes of recidivist sentencing were the result of conduct that would be a felony in Georgia. Georgia does not have degrees of burglary; every burglary in Georgia is a felony. But all unlawful entries upon the property of another do not necessarily constitute burglaries in this state. The facts and circumstances of an entry could result in the offender being charged with a misdemeanor, such as criminal trespass, which requires only an unlawful purpose rather than the intent to commit a felony. Because theft by receiving and escape could both be misdemeanors in Georgia, and two of the three Alabama burglaries were not for first degree burglary, but for third degree burglary, the State did not carry its burden of proving felonious conduct, and I agree with the majority that a remand is necessary in this case.

DECIDED JANUARY 25, 2000 — 

*Stephen T. Smith*, for appellant.

*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney*, for appellee.