## S00G0864. WOODSON v. THE STATE.

(544 SE2d 431)

HINES, Justice.

We granted certiorari in *Woodson v. State*, 242 Ga. App. 67 (530 SE2d 2) (2000), to review the determination of the Court of Appeals that asportation was shown in this case, sufficient to authorize a conviction for kidnapping. Finding that asportation was shown, we affirm.

The victim opened her apartment door to find Woodson, who was wearing a mask and wielding a knife. She backed away from the door and Woodson pursued her into various rooms of the apartment. The victim went into the bedroom where Woodson pulled her to the floor and attempted to rape her. Further facts of the case are detailed in the opinion of the Court of Appeals.

Woodson contends that the State did not show any evidence of

asportation of the victim, a necessary element of kidnapping. "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). The Court of Appeals found that asportation was shown, citing *Harshaw v. State*, 222 Ga. App. 385, 386 (1) (474 SE2d 226) (1996), and *Love v. State*, 190 Ga. App. 264-265 (1) (378 SE2d 893) (1989), as support for the statement that because "Woodson shoved and pulled the victim to the floor and struggled with her, the evidence also supported the kidnapping conviction." *Woodson*, supra at 69 (1).

Although the struggle in *Harshaw* showed that the defendant held the victim against her will, the Court in that opinion noted that "[a]n abduction or taking by inducement, persuasion, or fraud can also support a finding of asportation." *Harshaw*, supra. There the defendant's deceptive offer to show the victim a shortcut satisfied the statutory requirement that the defendant must abduct or steal away the victim. In *Love*, asportation was shown by the defendant physically moving the victim from a seated position on a concrete block to a different location, the dirt behind the concrete block. *Love*, supra. Here, shoving the victim, without moving her to a different location, was not the evidence that satisfied the requirement of asportation, nor was pulling her to the floor at a single location.[1]

The victim testified that she fled to the bathroom, then exited it, when Woodson, brandishing the knife, told her to go into "this room." In another portion of her testimony, it is clear that after the victim left the bathroom, the pair went to the bedroom, where their last encounter occurred.[2] Consequently, the evidence authorized the jury to infer that she went from one room to another in response to Woodson's threatening command, which satisfies OCGA § 16-5-40 (a)'s requirement of asportation. See *Haynes v. State*, 249 Ga. 119 (1) (288 SE2d 185) (1982).[3]

*Judgment affirmed. All the Justices concur.*

---

[1] To the extent that *Harshaw v. State*, supra, stands for the proposition that shoving the victim without moving her to a different location, or struggling with the victim, is evidence of asportation, it is overruled.

[2] The victim testified with the aid of a diagram of the apartment, apparently marking on it. The diagram is not in the record.

[3] In a supplemental brief to this Court, Woodson argues that the victim, who could neither speak nor hear, could not sense being "told" anything, and notes that her testimony was through an interpreter. It was for the jury to decide the effect of the victim's impairment and the interpreter's involvement. *Hensley v. State*, 228 Ga. 501, 501-502 (1) (186 SE2d 729) (1972).

DECIDED MARCH 19, 2001.

*Stephen T. Smith,* for appellant.
*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney,* for appellee.