## A03A2441. MANN v. THE STATE.
(591 SE2d 495)

ANDREWS, Presiding Judge.

Weyman Lewis Mann was indicted in 1996 and in 2000 for crimes involving the same victim, Marilyn Smith. The 1996 indictment charged Mann with kidnapping with bodily injury in an incident which occurred on October 8, 1995. The 2000 indictment charged Mann with kidnapping with bodily injury and false imprisonment with respect to an April 30, 1998 incident. On April 10, 1996, Mann pled guilty to kidnapping and received a sentence of ten years probation under the 1996 indictment. However, this sentence was invalid under OCGA § 17-10-6.1 (b), which required that a person found guilty of kidnapping be sentenced to a mandatory minimum term of imprisonment of ten years. On January 10, 2001, the trial court accepted a document signed by Mann and his defense counsel purporting to withdraw Mann's guilty plea under the 1996 indictment.

During the week of April 23, 2001, Mann was tried on both the 1996 indictment and the 2000 indictment. The jury found Mann guilty of kidnapping with bodily injury under each indictment. On appeal, Mann claims the trial court erred in treating Mann's guilty plea to the 1996 indictment as withdrawn and in allowing the State to proceed with an improper prosecution. We conclude that Mann's purported withdrawal of his 1996 guilty plea was ineffective because the trial court had no jurisdiction to consider it. Accordingly, we vacate Mann's second conviction under the 1996 indictment.

Mann also claims the trial court erred in (1) its charges to the jury, (2) denying his motion for a directed verdict with respect to the 2000 indictment, (3) allowing an improper closing argument, and (4) allowing evidence concerning the 1996 indictment to be considered along with the 2000 indictment. For the reasons set forth below, we find no reversible error and affirm Mann's kidnapping with bodily injury conviction under the 2000 indictment.

1. Mann claims the trial court erred in withdrawing Mann's prior guilty plea to kidnapping under the 1996 indictment and in allowing the State to proceed with an improper prosecution under the 1996 indictment. We agree.

Mann pled guilty to kidnapping and was sentenced to ten years probation on April 10, 1996, during the March 1996 term of the Superior Court of Gwinnett County. OCGA § 15-6-3 (20) provides that the Gwinnett County terms of court commence on the first Monday in January, March, May, July, and November, and on the second Monday in September. Accordingly, the March 1996 term would have expired in May 1996, years before Mann submitted a withdrawal of his guilty plea on January 10, 2001. The well-established rule is that

> [a] defendant may withdraw his plea of guilty as a matter of right before sentencing is pronounced. Even after sentencing, the trial court would have discretion to allow withdrawal of the plea prior to the expiration of that term of court. *After the term, the prescribed means to withdraw the plea would be through habeas corpus proceedings.*

(Citation omitted; emphasis supplied.) *Jarrett v. State*, 217 Ga. App. 627, 628 (1) (458 SE2d 414) (1995). The trial court had jurisdiction to resentence Mann if he was punished in a way the law did not allow. "Where a sentence is void . . . the court may resentence the defendant at any time." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). However, the trial court had no jurisdiction to accept the January 10, 2001 withdrawal of Mann's guilty plea. It follows that Mann could not be retried in 2001 for a crime for which he was previously convicted in 1996. See *State v. Kennedy*, 216 Ga. App. 405 (454 SE2d 600) (1995) (OCGA § 16-1-7 prohibits multiple convictions and successive prosecutions for the same conduct). Mann's 2001 conviction under the 1996 indictment must be vacated. This holding renders moot Mann's fifth enumeration of error, which also claimed an impermissible prosecution of the 1996 indictment.

2. Mann contends the trial court erred in denying his motion for directed verdict with respect to the 2000 indictment. We disagree. The standard of review for the denial of a motion for directed verdict of acquittal is the same as for reviewing the sufficiency of the evidence to support a conviction. *Bollinger v. State*, 259 Ga. App. 102 (1) (576 SE2d 80) (2003). Under that standard, we view the evidence in a light most favorable to the jury's verdict and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id.

So viewed, the evidence shows that on April 29, 1998, Smith, who was then married to Mann, accompanied him to a work site in Franklin County. Another woman at the work site asked Smith if she would like to go with her to run some errands and get something to eat, and Smith left with the woman and returned two or three hours later. When Smith returned, Mann accused her of leaving to meet a man at a nearby motel. When Smith denied it, Mann held a knife to Smith's throat and told her, "Don't you know how much I love you and don't you know I'll kill you standing right here?"

Smith and Mann returned to their home in Gwinnett County that evening, and the next morning Mann told Smith that he was going to Forsyth County to fix one of his trucks. Smith said she did not want to go, but Mann told her she was going anyway. Mann asked Smith to give him the pistol that was in her purse. Mann locked the only door to the trailer and Smith, who was afraid of Mann, gave him

the gun, which he put in his back pocket. According to Smith, Mann then "made me go get in the truck." After traveling in the truck for a few minutes, Mann pulled off the side of the road and grabbed Smith by the throat. He told Smith, "I'm taking you up the road here and I'm killing you." Mann began driving again, but Smith jumped out of the moving truck and ran. Smith was able to escape but suffered a fractured skull and other injuries while doing so. See *Stubbs v. State*, 220 Ga. App. 106, 108 (2) (469 SE2d 229) (1996) (kidnapper responsible for injuries victim incurred in attempt to escape).

Under OCGA § 16-5-40 (a), "[a] person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (b) provides that, "if the person kidnapped shall have received bodily injury, the person convicted shall be punished by life imprisonment or by death." We conclude that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Mann was guilty of kidnapping with bodily injury. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Mann questions the credibility of Smith's testimony based on the admission that she had used methamphetamine on the day of the alleged kidnapping and her contention that it "kept my nerves calm." Nevertheless, the jury heard the testimony and was entitled to believe Smith's account of what occurred. See *Rucker v. State*, 272 Ga. 750, 752 (2) (534 SE2d 71) (2000) (the credibility of the witnesses was a matter for the jury to determine).

3. Mann contends that the trial court erred in giving two jury charges. Mann challenges the trial court's charge to the jury that "a forcible abduction is not required under the kidnapping statute. If you the jury find that the Defendant induced the victim to move by persuasion or enticement you're authorized to find that the [victim] was abducted."[1] Mann objected to the requested charge because there was no evidence of persuasion or enticement but only abduction by force. The charge accurately reflects the law. An abduction "need not be by force, actual or constructive, inducement, persuasion or fraud is sufficient." (Punctuation omitted.) *Fredrick v. State*, 181 Ga. App. 600, 601 (1) (353 SE2d 41) (1987). "[U]nder our present kidnapping statute, whether the abduction or taking of the person was forcible or by enticement is immaterial, so long as the victim is unlawfully held against his will." (Punctuation omitted.) Id. at 602 (1). A possible interpretation of the facts is that Mann persuaded Smith to go to his truck. We find no error.

---

[1] The transcript indicates that the trial court said "Defendant" rather than "victim," as was the requested charge. Mann does not contend that this misled the jury.

Mann also claims the trial court erred by charging the jury over objection that "[y]ou, the jury, may find that the Defendant held the victim against her will if you determine that the victim would not willingly have remained with the Defendant in order to be further harmed." Mann argues that the instruction is confusing and misleading. The request for charge shows the challenged language was taken from *Wright v. State*, 209 Ga. App. 128, 129 (2) (433 SE2d 99) (1993), overruled on other grounds, *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999).[2] It is a close question as to whether the instruction was given in error. While the instruction is arguably accurate, the language is so awkward as to be very confusing. But even if the charge was erroneous, it was not harmful. "[E]rroneous jury instructions are not judged in isolation, but rather are considered in the context of the entire jury charge." *Bridges v. State*, 268 Ga. 700, 703 (2) (b) (492 SE2d 877) (1997). The trial court later charged that "[t]he inquiry is whether from the evidence presented the jury can determine beyond a reasonable doubt that the victim was being held against her will." Considering the jury charge as a whole, the jury was properly instructed and no reversal is required.

4. Mann claims that during closing argument, the prosecutor improperly commented on Mann's failure to take the stand. This contention arises from Mann's testimony at the hearing on motion for new trial. There is no transcript of the closing argument, but Mann argues that without the transcript, the only evidence of what occurred is his unrebutted testimony. Even if we were to assume that Mann has sufficiently shown that such a statement was made, Mann admitted that his attorney offered no objection. "In the appeal of a non-capital case in either appellate court, the defendant's failure to object to the State's closing argument waives his right to rely on the alleged impropriety of that argument as a basis for reversal." *Mullins*, 270 Ga. at 451 (2). It follows that Mann shows no grounds to reverse.

5. Mann argues that the trial court erred because it allowed evidence with regard to the 1996 indictment to be brought to the jury in connection with the charges under the 2000 indictment. While we agree with Mann that it was improper to retry him under the 1996 indictment, the introduction of evidence with regard to the previous crime does not require we reverse his conviction under the 2000 indictment. If we set aside the question of double jeopardy, it was proper to join these cases for purposes of trial. For one thing, Mann

---

[2] "[T]he jury was also authorized to conclude that after he was abducted, Clifford was held against his will because: (1) he would not have willingly remained with Wright to be further harmed, or (2) he was so badly wounded that he had lost the capacity to make a voluntary choice to remain with Wright." *Wright*, 209 Ga. App. at 129 (2).

consented to joinder. And even if Mann had not consented, evidence supporting the 1996 indictment would have been admissible in the trial of the 2000 indictment, and we conclude that a trier of fact was able to fairly and intelligently assess guilt or innocence as to each charge. See *Stewart v. State*, 277 Ga. 138 (587 SE2d 602) (2003). If the State had failed to secure a conviction on the 1996 indictment, it would not necessarily have caused a conviction under the 2000 indictment to be wrongful. Logically, our finding that the prosecution under the 1996 indictment failed because of double jeopardy should not invalidate the conviction under the 2000 indictment.

Mann's argument is that a crime for which he was already convicted should never have been considered a candidate for joinder in a subsequent prosecution. He contends that evidence which was introduced to prove the 1996 indictment would have only been available as a similar transaction in a prosecution under the 2000 indictment. Mann further claims that no hearing on the admissibility of similar transaction evidence was held in these proceedings and he was therefore harmed. See Uniform Superior Court Rule 31.3. However, had the 2000 indictment been tried alone, the events supporting the 1996 indictment would have been admissible as a prior difficulty between the victim and the defendant.

> [W]hat is true in this case is generally true with all cases involving prior difficulties between a victim and a defendant. The history of their relationship is of whole cloth woven of the many threads of dependent, connected actions and incidents that occurred between them. In short, evidence concerning prior difficulties they have experienced in their relationship is relevant.

(Citation omitted.) *Grimes v. State*, 232 Ga. App. 155, 156 (2) (500 SE2d 609) (1998). No separate hearing is required to show evidence of a prior difficulty between the victim and the accused. *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998). We conclude that Mann was not harmed with respect to his trial under the 2000 indictment by the joinder and presentation of evidence under the 1996 indictment inasmuch as that evidence would have been presented even if the 1996 indictment had not been joined for trial. No reversal is required.

*Judgment vacated in part and affirmed in part. Barnes and Adams, JJ., concur.*

DECIDED DECEMBER 11, 2003.

*Raymon D. Burns*, for appellant.
*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.