S98A1774. MULLINS v. THE STATE.
(511 SE2d 165)

CARLEY, Justice.

A jury found James Mullins guilty of the malice murder of Roy Smith, and of the possession of a firearm during the commission of that crime. Upon entering judgments of conviction on the jury's guilty verdicts, the trial court sentenced Mullins to life imprisonment for the murder, and to a consecutive five-year term for the possession of a firearm offense. After the trial court denied Mullins' motion for new trial, he filed an appeal from the judgments of conviction and sentences.[1]

1. One of the State's witnesses testified that he was present when Mullins shot and killed Smith in a fit of jealousy. Another testified that Mullins admitted to her that he killed Smith. The credibility of the testimony given by these witnesses was for the jury. Construing the evidence most strongly in support of the guilty verdicts, it is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Mullins' guilt of malice murder, and of possessing a firearm during the commission of that crime. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mullins asserts that the prosecutor made an improper comment during closing argument. However, he did not object below and, therefore, he did not invoke a ruling by the trial court. "A defendant must object to the alleged impropriety at the time it occurs in order to afford the trial court the opportunity to take remedial action. [Cit.]" *Miller v. State,* 267 Ga. 92 (2) (475 SE2d 610) (1996). The failure to do so generally results in a waiver of the defendant's right to urge the impropriety of the argument on appeal. See *Harley v. State,* 263 Ga. 875, 878 (5) (440 SE2d 178) (1994). Compare OCGA § 5-5-24 (c) (authorizing appellate review of unchallenged charges under a "substantial error" standard).

Mullins nevertheless contends that the principle of waiver does not apply and that we must reverse his convictions if the prosecutor's

---

[1] The crimes were committed on April 14, 1992, and the grand jury indicted Mullins on May 3, 1996. The jury returned its guilty verdicts on February 4, 1998 and, on that same day, the trial court sentenced Mullins. Mullins filed his motion for new trial on March 2, 1998, and the trial court denied that motion on May 28, 1998. Mullins filed his notice of appeal on June 26, 1998, and the case was docketed in this Court on August 4, 1998. Mullins submitted his appeal for decision on September 28, 1998.

argument was improper and, in reasonable probability, changed the result of the trial. This "reasonable probability" test applies only in the context of appellate review of a criminal case in which the death penalty was imposed. See *Whatley v. State*, 270 Ga. 296 (9) (509 SE2d 45) (1998). See also *Mize v. State*, 269 Ga. 646, 653 (8) (501 SE2d 219) (1998); *Barnes v. State*, 269 Ga. 345, 356 (23) (496 SE2d 674) (1998); *Sears v. State*, 268 Ga. 759, 765 (15) (493 SE2d 180) (1997); *Bishop v. State*, 268 Ga. 286, 294 (14) (486 SE2d 887) (1997); *Carr v. State*, 267 Ga. 547, 555 (7) (480 SE2d 583) (1997); *Bright v. State*, 265 Ga. 265, 285 (19) (455 SE2d 37) (1995); *Hittson v. State*, 264 Ga. 682, 689 (13) (449 SE2d 586) (1994); *Thornton v. State*, 264 Ga. 563, 568 (4) (c) (449 SE2d 98) (1994); *Ledford v. State*, 264 Ga. 60, 67 (18) (a) (439 SE2d 917) (1994); *Tharpe v. State*, 262 Ga. 110, 113 (16) (416 SE2d 78) (1992); *Todd v. State*, 261 Ga. 766, 767 (2) (a) (410 SE2d 725) (1991). Because this was not a death penalty case, it was incumbent upon Mullins to raise an objection to the State's argument below in order to preserve the right to contest the propriety thereof in a subsequent appeal. *Harley v. State*, supra.

On occasion, the Court of Appeals has applied the "reasonable probability" standard in its review of portions of the State's closing argument to which the defendant raised no objection in the trial court. However, since the Court of Appeals has no jurisdiction over death penalty cases, it is clear that any criminal case in which that Court, relying upon one of this Court's decisions in a capital case, has applied the "reasonable probability" test in its review of instances of unchallenged argument is erroneous and must be overruled. See, e.g., *Smith v. State*, 231 Ga. App. 68, 70 (4) (498 SE2d 561) (1998); *Hopkins v. State*, 227 Ga. App. 567, 568 (2) (489 SE2d 368) (1997); *Geoffrion v. State*, 224 Ga. App. 775, 780 (8) (a) (482 SE2d 450) (1997); *Bell v. State*, 219 Ga. App. 553, 554 (3) (466 SE2d 68) (1995); *Wright v. State*, 209 Ga. App. 128, 129 (3) (433 SE2d 99) (1993). The "reasonable probability" test applies only in this Court, and then only in the limited context of our appellate review of a capital case. In the appeal of a non-capital case in either appellate court, the defendant's failure to object to the State's closing argument waives his right to rely on the alleged impropriety of that argument as a basis for reversal. *Harley v. State*, supra. Compare OCGA § 5-5-24 (c). Accordingly, Mullins' failure to object below so as to invoke a ruling by the trial court precludes our consideration of the merits of his contention that the State's closing argument was improper.

3. Mullins contends that he was denied his constitutional right to a speedy trial. His failure to raise this constitutional issue in the trial court is a forfeiture of his right to raise it on appeal. See *Senase v. State*, 258 Ga. 592 (372 SE2d 813) (1988).

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 19, 1999.

*Levinson & Paul, Christopher G. Paul,* for appellant.

*Tambra P. Colston, District Attorney, Leigh E. Patterson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.