A99A0692. WARD v. THE STATE.
(519 SE2d 304)

BARNES, Judge.

Stephen Anthony Ward appeals his conviction for burglary. He contends the evidence was insufficient to support his conviction and also contends the trial court erred by allowing the prosecution to place his character in issue. We find no error and affirm.

1. On appeal we view the evidence in the light most favorable to the verdict, and Ward no longer enjoys the presumption of innocence.

Further, this Court determines the sufficiency of the evidence, but neither weighs the evidence nor judges the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

Viewed in the light most favorable to the verdict, the evidence shows that very early one morning a warehouse employee saw a car parked near the warehouse. When he went to investigate, he saw a man that he later identified as Ward leave the warehouse carrying a box, get in the car, and drive away with the lights off. The employee testified he "got a good look" at the driver of the car because it passed right by him in a well-lighted area. In court, he positively identified Ward as the man who drove the car.

The employee followed the car until he saw a police officer getting gas at a nearby filling station. He approached the police car, explained the situation to the policeman, and pointed out the car that had stopped for a nearby stoplight. When the car drove off, the officer followed.

The police officer testified that a man flagged him down, told him someone had broken into a storage building, and pointed out a car with Ward in it. According to the officer, this was the only car on the road. He testified further that he turned his police car around and followed the car without losing sight of it. At one intersection the driver stopped the car, entered the intersection, backed into the cross street, and stopped as if waiting for the traffic light to change. The officer testified he pulled up right next to the car, turned on his blue lights, and told the driver to get out of the car. The officer later identified Ward as the driver of the car. Ward responded, "I had a reason to be there." When the traffic light turned green, Ward drove off. The police followed Ward until he entered a driveway, parked the car, and ran off with the motor still running. The officer attempted to catch Ward, but was unsuccessful.

When the officer returned to the car, he found a woman, later identified as Ward's sister, standing by the car and asking what was going on with her car. The officer looked in the car and found a case of transmission fluid. Ward's sister said the transmission fluid was not hers and also said that Ward had been using the car that night with her permission. When another officer reported that a case of transmission fluid was missing from the warehouse, the officer took the transmission fluid from the car.

Ward testified that he did not break into the warehouse and take the transmission fluid. Instead, he related that he left for San Antonio about 8:00 the night in question. Ward also testified that he earlier pleaded guilty to two other burglaries because he was guilty of those burglaries, but he pleaded not guilty in this case because he was innocent of this charge.

Based upon this evidence, we conclude that a rational trier of fact could have found Ward guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ward contends in his second enumeration of error that the trial court erred by "allowing the State to argue the inference from similar transactions the defendant was a 'career criminal,' thus improperly placing the defendant's character into evidence." The transcript shows that this issue arises from a motion Ward made before closing argument in which he asked the trial court to instruct the prosecutor not to refer to Ward as a career criminal as the prosecutor had done in opening statement. The trial court denied the motion. Thereafter, the prosecutor did not refer to Ward as a "career criminal" in his closing argument and did not argue, based upon Ward's earlier convictions, that he was a career criminal.

Review of the prosecutor's closing argument shows that the prosecutor referred to Ward one time as a "career burglar" and argued another time that "[Ward] chose to be a burglar." In the first instance the prosecutor's argument was that Ward was "caught red-handed" this time like he had been caught before. In the second instance, the prosecutor's argument was that while Ward should not be punished for his past, Ward's past reflected his choice to be a burglar. Thus, in neither instance did the prosecutor argue that because of Ward's prior convictions the jury could infer that he was a career criminal. Ward made no objection to these comments.

Although a party does not waive an error by failing to object to admission of evidence after a motion in limine is denied (*Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 285-286 (1) (260 SE2d 20) (1979)), this rule cannot be invoked to preserve a different, if perhaps related, error. See *Wilkins v. State*, 220 Ga. App. 516, 517 (1) (469 SE2d 695) (1996). To allow such a procedure would deprive the trial court of the opportunity to consider the error alleged, and take corrective action, if necessary. Therefore, pretermitting whether the prosecution's argument was improper, Ward failed to make a timely objection or invoke a ruling by the trial judge on whether the other argument made by the State was improper.

In these circumstances, we need not review this allegation. *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999). A defendant must object to alleged improprieties when they occur to allow the trial court the opportunity to take remedial action. Id. at 450. Failure to object generally results in a waiver of the right to urge the alleged impropriety on appeal, and in appeals of non-capital cases, the failure to object to the State's closing argument waives an appellant's right to assert the alleged impropriety of that argument on appeal. Id. at 451. Accordingly, Ward's failure to object to the prosecutor's

argument precludes our consideration of this enumeration of error.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 11, 1999.

*Brimberry, Kaplan & Brimberry, John P. Cannon*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.