[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-13801
Non-Argument Calendar

————————————————

D.C. Docket No. 1:17-cv-05385-ELR

JOSEPH L. SMITH,

Petitioner-Appellant,

versus

WARDEN, MACON STATE PRISON,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(February 10, 2020)

Before JORDAN, BRANCH and HULL, Circuit Judges.

PER CURIAM:

Joseph Smith is a Georgia prisoner serving a life sentence plus 30 years for involuntary manslaughter, felony murder, cruelty to children, aggravated assault, false imprisonment, and reckless conduct in connection with the death of Smith's eight-year-old son Josef.  Smith appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

During closing arguments at trial, the state prosecutor lit candles on a birthday cake and sang happy birthday to Smith's deceased son.  Smith's § 2254 petition asserted that: (1) the state prosecutor's conduct violated his Fourteenth Amendment due process right to a fair trial; and (2) his trial counsel's failure to object to the state prosecutor's conduct violated his Sixth Amendment right to effective assistance of counsel.  The Georgia Supreme Court held on direct appeal that Smith's trial counsel was not constitutionally ineffective for failing to object. For the reasons explained below, we conclude that the Georgia Supreme Court's decision was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented to the state court.  See 28 U.S.C. § 2254(d).  Thus, we affirm the district court's denial of Smith's claims.

# I. PROCEDURAL HISTORY

As the parties are already familiar with the facts of Josef's injuries and death that underpin Smith's state court convictions, we do not recount them here and instead address them in our discussion only as necessary.

## A.    Indictment and Trial in State Court

In 2006, a state court grand jury indicted petitioner Smith and his wife Sonya on charges of malice murder (Count 1), three counts of felony murder (Counts 2, 3, and 4), five counts of cruelty to children in the first degree (Counts 5, 8, 10, 12, and 14), three counts of aggravated assault (Counts 6, 9, and 11), and two counts of false imprisonment (Counts 7 and 13).  Smith and Sonya pled not guilty to all counts.

After eight days of trial, the parties' counsel gave their closing arguments. At the end of her rebuttal, the state prosecutor had the lights in the courtroom dimmed, removed a birthday cake from a bag, lit the candles, and then stated the following:

> I was thinking about something the other day.  I was thinking about birthdays.  Happy birthday to you.  Happy birthday to you. Happy birthday, dear Josef.  Happy birthday to you.  There are eight candles on that cake.  But you know what's not on there?  One more candle for his 9th birthday, because he didn't get to see that.  You may think that's harsh, but it's true.  And it was at the hands of those people.

Neither defense counsel objected to the prosecutor's actions, and the state trial court did not issue a curative instruction.

3

Following deliberations, the jury found Smith and his wife Sonya guilty of the lesser included offense of involuntary manslaughter in Count 1, felony murder in Count 2, cruelty to children in Counts 5, 8, 10 and 12, aggravated assault in Counts 6, 9, and 11, false imprisonment in Count 13, and the lesser included offense of reckless conduct in Count 14.[1]  The jury found Smith and Sonya not guilty of the felony murder charges in Counts 3 and 4 and the false imprisonment charge in Count 7.  The state trial court imposed a life sentence, plus 30 years, on both Smith and Sonya.

## B.    Motion for a New Trial

After retaining new counsel, Richard Allen, Smith filed an amended motion for a new trial.  Smith argued, among other things, that his trial counsel was constitutionally ineffective and that the state prosecutor's conduct during closing argument—singing happy birthday with a cake and candles—was a stunt designed to inflame the jury's passion and "the passivity of the [trial] Court and defense counsel in allowing this stunt" denied Smith a fair trial under the Sixth and Fourteenth Amendments.

During a hearing on the motion, Smith's trial counsel, Manubir Arora, testified that he was surprised by the prosecutor's unprecedented conduct but

---

[1]The felony murder charged in Count 2 alleged that on October 8, 2003, Smith caused Josef's death "while in the commission of a felony, to wit: Cruelty to Children in the First Degree."

quickly decided not to object to it.  He explained that he did not object because he "didn't want to call any more attention" to it as it was "so absurd," and he thought "it would turn the jurors off."  On cross-examination, trial counsel further explained his strategic decision not to object once he realized what the prosecutor was doing, stating, "What is there left to object to?  At that point, the damage had been done and if I get up and say 'Judge, I object,' what are we going to do?  Blow the candles out and put it away and say disregard something so preposterous."  Trial counsel noted that prosecutors sometimes say "over the top" or "crazy" things and "you just sort of go with it," and "the only time you can really object and get any benefit is had I known it was coming."  Trial counsel stated that the prosecutor snapped her fingers, a deputy turned out the lights, and the cake was "already out there" before he could object.  Trial counsel added that the prosecutor's actions "caught everybody by surprise," that he thought "it was too late to object" and that an objection at that point would have caused a stir and emphasized the prosecutor's actions even more.

The state trial court subsequently found that trial counsel's performance was not deficient and denied Smith's motion for a new trial.

## C.    Direct Appeal in State Court

In his direct appeal to the Georgia Supreme Court, Smith claimed that the trial court erred in denying his motion for a new trial based on trial counsel's

ineffective assistance.[2]  In his brief, Smith argued that the state prosecutor's conduct "was so egregious that counsel's objection was not necessary" and that in addition to his Sixth Amendment right to effective counsel, his Fourteenth Amendment right to a fair trial was violated.  While Smith referred to a Fourteenth Amendment violation, he did not raise this claim as a separate enumeration of error in his direct appeal brief.

In 2010, the Georgia Supreme Court consolidated Smith's appeal with his wife's appeal and issued a single opinion affirming their convictions and sentences.  See Smith v. State, 703 S.E.2d 629, 632-33 (Ga. 2010).  The Georgia Supreme Court concluded that trial counsel was not ineffective for failing to object to the prosecutor's conduct during closing arguments.  Id. at 637-38.  The Georgia Supreme Court pointed to trial counsel's testimony at the hearing on the motion for a new trial that he "made a strategic decision not to object to the 'Happy Birthday' song during closing argument" and that he "thought that the 'Happy Birthday' song was so 'preposterous,' 'absurd,' and 'over the top' that 'it would turn the jurors off' and that he should not call any more attention to it by objecting to it." Id. at 637.  The Georgia Supreme Court cautioned state prosecutors not to "pursue stunts and antics during their closing arguments that are designed merely to appeal

---

[2]The Supreme Court of Georgia has exclusive jurisdiction over an appeal from a murder conviction.  See Ga. Const. art. 6, § 6, ¶ 3(8).

6

to the prejudices of jurors," and acknowledged that "the trial court would have been well within its right to control the courtroom by putting an end to the display of the prosecutor, even absent an objection from defense counsel." Id.

Nonetheless, the Georgia Supreme Court determined that "it was reasonable for [Smith's trial counsel] to pursue a strategy that would allow the potentially inappropriate antics of the prosecutor to backfire against her," and that there was "no merit to [Smith's] claim that [his trial counsel] provided ineffective assistance in this regard." Id. at 637-38. The Georgia Supreme Court further stated, "In this connection, it cannot be said that [trial counsel] was incorrect in his belief that the jurors may have been turned off by the closing argument, as the jury found [Smith] not guilty on several of the charges against him, including two of the felony murder charges, one of the first degree cruelty to children charges, and the malice murder charge." Id. at 638.

The Georgia Supreme Court did not separately address the due process argument made in Smith's appellate brief as part of his ineffective assistance claim. However, in addressing his wife Sonya's claim that the state trial court had erred by allowing the prosecutor's conduct to go uncorrected, the Georgia Supreme

7

Court concluded that this argument was waived because her trial counsel failed to object to the incident.  Id. at 633.[3]

The United States Supreme Court denied Smith's petition for writ of certiorari.  Smith v. Georgia, 564 U.S. 1038, 131 S. Ct. 3061 (2011).

## D.     State Petition for Habeas Corpus

In 2012, in state court, Smith filed a counseled application for a writ of habeas corpus, which was amended several times and raised multiple grounds. Among other things, Smith argued that his due process rights (Ground 1(a)) and his Sixth Amendment right to effective assistance (Ground 1(b)) were violated by the prosecutor's conduct during closing arguments.  Notably, Smith asserted several ineffective assistance claims against his post-trial counsel, Richard Allen, who represented him during his motion for a new trial and for part of his direct appeal.[4]  But, with respect to Ground 1, Smith did not claim counsel Allen was constitutionally ineffective for failing to raise a separate due process claim on direct appeal.

---

[3]The Georgia Supreme Court explained that, under Georgia law, unpreserved errors in criminal proceedings, other than in death penalty cases, are not reviewed for plain error and are waived.  Id. at 633.  For completeness, two justices of the Georgia Supreme Court dissented as to the claims based on the birthday stunt.  Id. at 638-42.

[4]Allen testified that his representation of Smith ended after he filed the direct appeal brief, but before oral argument occurred.

In August 2014, the state habeas court held an evidentiary hearing. At the hearing, Smith's post-trial counsel Allen testified that he believed the prosecutor's conduct during closing arguments was so egregious that it was clear error. However, in preparing the appeal brief, counsel Allen believed that he could raise the issue only in the context of an ineffective assistance claim and "possibly could have interposed" a due process claim because Smith's trial counsel had failed to make a contemporaneous objection.

In May 2016, the state habeas court denied Smith's application. As to Smith's due process claim in Ground 1(a), the state habeas court found that this claim was not enumerated as error on direct appeal and thus was procedurally defaulted under O.C.G.A. § 9-14-48(d). The state habeas court further concluded that Smith had not established cause to excuse the default "in the form of ineffective assistance of post-trial counsel" or "actual prejudice."

As to Smith's ineffective assistance of trial counsel claim in Ground 1(b), the state habeas court determined that the Georgia Supreme Court had already found that "this claim lacked merit, finding that trial counsel's decision not to object was reasonable" and that it was bound by that ruling. On December 11, 2017, the Georgia Supreme Court denied Smith's application for a certificate of probable cause to appeal.

9

## E.    Federal § 2254 Proceedings

On December 22, 2017, in the federal district court, Smith filed his § 2254 petition raising ten claims.  In Ground Two, Smith asserted claims that his Sixth Amendment right to effective assistance of counsel and Fourteenth Amendment due process right to a fair trial were violated by the prosecutor's unobjected-to conduct during closing arguments.

A magistrate judge issued a report and recommendation ("R&R"), recommending that the district court deny Smith's § 2254 petition.  Regarding the ineffective counsel claim, the R&R concluded that the Georgia Supreme Court was reasonable in its determination that trial counsel made a strategic decision not to object and that it did not unreasonably apply Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), to conclude that trial counsel's performance was not deficient.  As for the due process claim, the R&R concluded that it was procedurally defaulted because Smith had not raised a separate ineffective counsel claim during his state habeas proceedings that post-trial counsel Allen was ineffective for failing to raise the due process claim on direct appeal as a separate enumeration of error.  Therefore, the due process claim was barred from review in federal court.

The district court adopted the R&R over Smith's objections and denied Smith's § 2254 petition.  The district court agreed that the Georgia Supreme

10

Court's conclusion that trial counsel was not ineffective was entitled to deference under § 2254(d) and that Smith's due process claim was procedurally defaulted. The district court granted a certificate of appealability as to Smith's ineffective counsel and due process claims relating to the prosecutor's conduct during her closing argument.

## II.  DISCUSSION

### A.    Ineffective Assistance of Trial Counsel Claim

Pursuant to § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may grant habeas relief on claims previously adjudicated on the merits in state court only if the state court's decision was (1) "contrary to, or involved an reasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).[5]

Section 2254(d) "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt."  Hardy v. Cross, 565 U.S. 65, 66, 132 S. Ct. 490, 491 (2011) (quotation marks omitted).  "To justify federal habeas relief, the state court's decision must be

---

[5]In reviewing the district court's denial of a § 2254 petition, we review de novo questions of law and mixed questions of law and fact, and we review findings of fact for clear error. Raleigh v. Sec'y, Fla. Dep't of Corrs., 827 F.3d 938, 948 (11th Cir. 2016).

so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." Nance v. Warden, Ga. Diagnostic Prison, 922 F.3d 1298, 1301 (11th Cir. 2019) (internal quotation marks omitted). The standard is "doubly deferential" when evaluating the performance prong of a claim of ineffective assistance of counsel is evaluated under § 2254(d)(1). Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420 (2009). "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." Id. (quotation marks omitted).

To establish constitutionally ineffective counsel under Strickland, the § 2254 petitioner must show that his Sixth Amendment right to counsel was violated because (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687, 697, 104 S. Ct. at 2064-65, 2070. We need not "address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697, 104 S. Ct. at 2069.

Here, the record establishes that the Georgia Supreme Court's decision denying Smith's ineffective counsel claim was not contrary to, or an unreasonable application of, Strickland and was not based on an unreasonable determination of facts. See 28 U.S.C. § 2254(d). The Georgia Supreme Court found that, as a matter of strategy, Smith's trial counsel decided not to object to the prosecutor's

12

"absurd" and "over the top" conduct during closing arguments.  While Smith's trial counsel admitted that he was taken by surprise by the prosecutor's conduct, he did not say that his surprise was the reason he failed to object.  Rather, trial counsel's full testimony makes clear that once he overcame his initial shock, he made a conscious decision not to object.  Specifically, trial counsel explained that he believed any objection at that point could not have undone the damage but would have caused an additional stir and called more attention to the prosecutor's stunt.  By trial counsel's calculation, the better course of action was to let the objection go and hope that the jurors would be turned off by the prosecutor's outrageous conduct.  Given trial counsel's testimony explaining why he did not object, we cannot say the Georgia Supreme Court's fact findings were unreasonable.

Moreover, the Georgia Supreme Court's determination—that trial counsel's strategic decision did not constitute deficient performance—to which the state habeas court was bound, was not an unreasonable application of Strickland.  As Strickland recognized, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." 466 U.S. at 689, 104 S. Ct. at 2065 (quotation marks omitted).  Trial counsel's strategic decision not to make an objection, even where the error is plain, does not

13

necessarily constitute deficient performance. See Gordon v. United States, 518 F.3d 1291, 1300 (11th Cir. 2008). To overcome the strong presumption that trial counsel's strategic decision was reasonable, the petitioner must establish that "no competent counsel would have taken the action his counsel did take." Johnson v. Sec'y, DOC, 643 F.3d 907, 928 (11th Cir. 2011) (quotation marks omitted). Smith has not carried that burden. Accordingly, the Georgia Supreme Court properly applied Strickland in concluding that "it was reasonable for [trial counsel] Arora to pursue a strategy that would allow the potentially inappropriate antics of the prosecutor to backfire against her." See Smith, 703 S.E.2d at 637-38.

In any event, Smith has not carried his burden to show prejudice from his trial counsel's failure to object to the prosecutor's stunt. To establish prejudice under Strickland, a petitioner must show that, but for his counsel's deficient performance, "there is a reasonable probability that . . . the result of the proceeding would have been different." 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Here, as the Georgia Supreme Court noted, the record suggests the jury was not taken in by the prosecutor's stunt given that Smith was acquitted of some of the more serious charges, including malice murder.

Further, in reviewing the sufficiency of the evidence supporting the Smiths' convictions, the Georgia Supreme Court highlighted that Smith and his wife

14

routinely beat their son Josef, see Smith, 703 S.E.2d at 633, as evidenced by the testimony of multiple witnesses, the many different injuries, at different stages of healing, that covered Josef's head, torso, arms, and legs at the time of his death, and the testimony of some witnesses that those injuries were consistent with child abuse and the worst injuries they have ever seen. Indeed, Smith and his wife both admitted to investigators that they had beaten Josef several times on the day he was taken to the hospital. A medical expert testified that Josef's death was a homicide and resulted from trauma to his head with brain swelling that was associated with his bruises and contusions. There was also evidence that Smith and his wife routinely restrained Josef and locked him in a closet for long periods of time—days and possibly weeks. Trial testimony also indicated that the wooden box in which Josef was confined just prior to his parents' 9-1-1 call had previously been used for punishment.

In other words, the state presented overwhelming evidence from which the jury could find beyond a reasonable doubt that Smith's beatings "either materially contributed to . . . or materially accelerated" Josef's death, that "confining Josef to enclosed spaces was a routine part of the family's discipline," and that Smith was "directly involved in Josef's confinement to the box, or that he encouraged the use of the box that may have contributed to [Josef's] death." See Smith, 703 S.E.2d at 637. And, in light of the powerful evidence that Smith was guilty of all the counts

15

of conviction—involuntary manslaughter, felony murder, cruelty to children, aggravated assault, false imprisonment, and reckless conduct—the fact that trial counsel failed to object to the prosecutor's inappropriate conduct during closing arguments does not undermine our confidence in Smith's convictions. That is, there is no reasonable probability that, had trial counsel objected, the result of the trial would have been different. See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

**B.    Due Process Claim is Procedurally Defaulted**

A federal claim is subject to procedural default where: (1) the state court applies an independent and adequate ground of state procedure to conclude that the petitioner's federal claim is barred; or (2) the petitioner never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state procedural rules. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999). A state court's procedural ruling constitutes an independent and adequate ground if: (1) the last state court to render a judgment in the case clearly and expressly states that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim; (2) the state court's decision rests solidly on state law grounds and is not intertwined with an interpretation of federal law; and (3) the state procedural rule is adequate, meaning it was not applied

16

arbitrarily or in an unprecedented way.  Mason v. Allen, 605 F.3d 1114, 1119-20 (11th Cir. 2010); Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).[6]

If a state court finds that a petitioner's claim is procedurally defaulted after applying an adequate and independent state law, a federal court is obligated to respect the state court's decision.  Bailey, 172 F.3d at 1302.  Procedural default may be excused, however, if the petitioner establishes (1) cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error, or (2) a fundamental miscarriage of justice, meaning actual innocence.  McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).

In Smith's case, his due process claim was procedurally defaulted because the state habeas court denied that claim (Ground 1(a) in his state habeas petition) on an independent and adequate state procedural ground—namely, because Smith's post-trial and appellate counsel Allen did not raise the claim as a separate enumeration of error in Smith's direct appeal brief to the Georgia Supreme Court. Moreover, the state habeas court concluded that Smith had not shown either cause or prejudice to excuse his failure to timely raise the claim on direct appeal, as required by O.C.G.A. § 9-14-48(d).

---

[6]Whether a state prisoner is procedurally barred from raising particular claims is a mixed question of law and fact that we review de novo.  Bailey, 172 F.3d at 1302.

17

In short, all three requirements for procedural default are met here, and Smith does not contend otherwise.  The last state court to rule on the federal due process issue, the state habeas court, relied on a procedural ground and that procedural ruling was not intertwined with the merits of Smith's federal due process claim.  Smith does not suggest that the state habeas court applied the state procedural rule arbitrarily or in an unprecedented way.  See Mason, 605 F.3d at 1119-20.

Smith does argue that this Court should excuse his procedural default, but not on the basis that he has shown the cause and actual prejudice this Court requires.  Instead, Smith maintains that his procedural default should be excused because, through no fault of his own, his trial counsel failed to object to the prosecutor's conduct during closing argument, and therefore, under Georgia's procedural rules, his due process claim became forever unreviewable by the state courts.  See O.C.G.A. § 9-14-48(d) (precluding state habeas relief where the petitioner has failed to make a timely objection at trial or on direct appeal and has not showed cause and prejudice or a miscarriage of justice); Mullins v. State, 511 S.E.2d 165, 166-67 (Ga. 1999) (providing that in non-capital cases, a defendant's failure to object to an improper closing argument waives the right to raise that argument on appeal).  Smith points to the Georgia Supreme Court's determination that his wife's closing argument claim raised on direct appeal was waived because

18

her trial counsel did not object to it at trial.  See Smith, 703 S.E.2d at 633 (citing Mullins and concluding that Sonya Smith's argument about the prosecutor's closing argument was waived).

In this regard, Smith relies on Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309 (2012), but the exception recognized in Martinez does not apply here.  In Martinez, the Supreme Court held that ineffective assistance by a prisoner's state postconviction counsel is cause to overcome the procedural default of an ineffective trial counsel claim, but only when the state effectively requires a defendant to bring the ineffective trial counsel claim in a state postconviction proceeding, rather than on direct appeal.  566 U.S. at 9-13, 132 S. Ct. at 1316-17 (stressing that "[a] prisoner's inability to present a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel").  The Supreme Court later clarified that its holding in Martinez applied where the state law expressly prohibits a defendant from bringing an ineffective assistance of trial counsel claim on direct appeal and where the state's "procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise" that ineffective assistance of trial counsel claim on appeal.  Trevino v. Thaler, 569 U.S. 413, 429, 133 S. Ct. 1911, 1921 (2013).

19

The problem for Smith is that both <u>Martinez</u> and <u>Trevino</u> recognize an exception only for procedurally barred ineffective assistance of trial counsel claims, not for all procedurally barred claims.  Smith has not offered any legal basis for extending <u>Martinez</u>'s procedural default exception to Smith's due process claim.

Even if Smith could establish cause for his procedural default, he has not shown actual prejudice for the same reasons already discussed in connection with his ineffective trial counsel claim.  Given the overwhelming evidence of Smith's guilt, we cannot say that, but for the prosecutor's conduct during closing argument, the outcome of Smith's trial would have been different.  <u>See</u> <u>United States v. Eyster</u>, 948 F.2d 1196, 1206 (11th Cir. 1991) (stating that a prosecutor's improper argument cannot rise to the level of a due process violation unless there is a reasonable probability that, but for the prosecutor's offending remarks, the outcome of the trial would have been different); <u>see also</u> <u>Darden v. Wainwright</u>, 477 U.S. 168, 181, 106 S. Ct. 2464, 2471 (1986) ("The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." (quotation marks omitted)).  Additionally, Smith does not argue that he is actually innocent and that his procedural default of his due process claim consequently would result in a miscarriage of justice.

20

### III. CONCLUSION

In sum, we do not address the merits of Smith's procedurally defaulted due process claim because we agree with the district court that Smith failed to show cause or actual prejudice to overcome the default. As for Smith's ineffective assistance of trial counsel claim, Smith has not shown that the Georgia Supreme Court's decision on the merits was contrary to, or an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court. See 28 U.S.C. § 2254(d). Accordingly, we affirm the district court's denial of Smith's § 2254 petition.

**AFFIRMED.**